IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JERRY ZAMORA**                                                    **MOVANT**

v.                                                           **No. 1:16CR38-SA-DAS**

**UNITED STATES OF AMERICA**                                **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the motion of Jerry Zamora to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be dismissed with prejudice as untimely filed.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

>1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

### Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require

the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture[1]**

On April 19, 2016, Zamora was charged in Count One of a nine-count Indictment alleging a drug trafficking conspiracy. On May 23, 2016, he was subsequently charged in a Superseding Indictment with multiple drug trafficking and firearms charges. On June 15, 2017, Zamora was charged and pleaded guilty to a three-count Information. Count One charged conspiracy to possess with intent to distribute methamphetamine, in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846. Count Two charged conspiracy to travel in interstate commerce with the intent to distribute the proceeds of an unlawful activity, that is the proceeds of methamphetamine distribution, in violation of Title 18, U.S.C. §§ 371 and 1952. Count Three charged Zamora with "being an alien illegally and unlawfully in the United States, knowingly possessed the following firearms in and affecting interstate commerce, namely. . ." in violation of Title 18, U.S.C. §§ 922(g)(5) and 924(a)(2). (PSR ¶ 5).

At the change of plea hearing, the Government presented the following factual basis as it pertained to Count Three, Title 18, U.S.C. § 922(g)(5) and 924(a)(2):

> Should the above styled case proceed to trial, the government would expect to prove through the testimony of eye-witnesses, law enforcement and expert testimony, judicial notice, and statements of the defendant that on or about April 21, 2016, the defendant, JERRY ZAMORA, a/k/a "Gerardo Lima," a/k/a "Chapparro," then being an alien illegally and unlawfully in the United States, knowingly possessed the following firearms in and affecting commerce, namely:
>
> (1) Zastava, Model NPAPM70, AK-47 styled, 7.62 x 39mm, Semi-Automatic Rifle;
>
> (1) Romarm-Cugir, Model WASR10, AK-47 styled, 7.62 x 39mm, Semi-Automatic Rifle;
>
> (1) Hi-Standard, Model HAS-15, 5.56 Semi-Automatic Rifle;

---

[1] The court has drawn the facts and procedural posture from the Government's response to the instant motion to vacate, set aside, or correct sentence, as they are both well-documented and uncontested.

>(1) Ruger, Model SR-9, 9mm Semi-Automatic Pistol;
>
>in violation of Title 18, United States Code Sections 922(g)(5) and 924(a)(2).
>
>On or about April 21, 2016, law enforcement officers executed several federal search warrants at locations occupied and/or controlled by ZAMORA, a/k/a "Gerardo Lima" and members of the DTO. One of these residences was a trailer located at 231 County Road 2500, Guntown, Lee County, Mississippi. The trailer was maintained by ZAMORA, a/k/a "Gerardo Lima" and others as a "stash house" during the course of the conspiracy.
>
>During a search of the residence, agents recovered methamphetamine, marijuana, scales, and other drug paraphernalia. Also found were several firearms including the following: (2) AK-47 styled semi-automatic rifles; (1) AR-15 styled semi-automatic rifle; and (1) Ruger 9mm pistol along with ammunition for all firearms including several high-capacity magazines.
>
>The government would prove that during the existence of the conspiracy, ZAMORA, a/k/a "Gerardo Lima" knowingly had both the power and intention to exercise dominion and control over the firearms either directly, or through other members of the DTO. An interstate nexus examination of the firearms was conducted by an ATF special agent who would testify that the firearms were manufactured outside the state of Mississippi and therefore traveled in and affecting interstate commerce.
>
>***Furthermore, the government would show that ZAMORA, a/k/a "Gerardo Lima" was born in Mexico and entered the United States improperly and illegally and has been previously removed from the United States and has not obtained the necessary legal authorization to re-enter.***

Doc. 332 at 24-29; Doc. 349 at 4-13; Doc. 187.[2] Zamora agreed with the factual basis presented at the change of plea hearing.

On March 5, 2018, the court conducted a sentencing hearing. The government filed a Motion for Downward departure pursuant to U.S.S.G. § 5K1.1. Neither the government nor Zamora had any objections to the presentence report. The Court adopted the PSR without change. (See Doc# 352).

---

[2] The factual basis presented above is not verbatim from that given at the change of plea hearing. However, during his change of plea hearing, Zamora agreed that the facts in the Information, Plea Agreement, and Plea supplement were true and correct – and his plea of guilty was based upon those facts. The facts set forth above may be found in the transcript of the plea hearing, the Information, the Plea Agreement, and the Plea Supplement.

The Court found Zamora's total offense level to be 43 with a criminal history category of II. (PSR ¶ ¶ 57, 64). Based on a total offense level of 43 and a criminal history category of II, the guideline imprisonment range was life. However, because the maximum of the guideline range exceeded the maximum sentence permitted by statute, the guideline range on Count One became 240 months, 60 months on Count Two and 120 months on Count Three. (PSR ¶ 82). Pursuant to Rule 11(c)(1)(C) of the plea agreement, the Court adopted the plea agreement which called for the sentence not to exceed 20 years. (PSR ¶ 83). The Court sentenced Zamora to a term of 200 months imprisonment on Count One, 60 months on Count 2, and 120 months on Count Three to be served concurrently. (See Doc# 353).

On July 26, 2021, Zamora filed the instant *pro* se motion to vacate and the District Court ordered the United States to respond on September 7, 2022. In the instant motion, Zamora appears to argue that the Supreme Court decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019) is retroactive to his case and requires the government prove that he knew he was prohibited from possessing a firearm.[3] Zamora submits that the government did not provide such proof and consequently his conviction should be vacated and remanded to the district court.

## The Instant Motion Is Untimely Filed

To review the merits of a motion under 28 U.S.C. § 2255, it must be filed within the one-year limitations period. Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

---

[3] *Rehaif* is, indeed, retroactive; however, it does not require proof that a defendant knew he could not possess a firearm. Rather, it requires only that the government prove that a defendant knew he was part of a particular prohibited class (in this case an illegal alien). As Zamora acknowledged during his change of plea hearing, he had previously been removed from the United States as an illegal alien.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

*(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added). Subsection (f)(3) is controlling in this case.

Section 2255(f)(3) provides a one-year limitation period that begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See Dodd v. United States*, 545 U.S. 353, 357-358 (2005) ("An applicant has one year from the date on which the right he asserts was initially recognized by this Court.") The Court decided *Rehaif* on June 21, 2019. As such, Zamora's one-year statute limitations period expired on June 21, 2020. He filed the instant motion until July 26, 2021, over a year after the expiration of the limitations period. (See Doc# 451). As such, the instant motion is untimely filed and will be dismissed with prejudice.[4]

### Conclusion

In sum, the instant motion to vacate, set aside, or correct sentence is untimely filed and will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 4th day of September, 2024.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE

---

[4] As the untimeliness of the instant motion is clear, the court will not address the other arguments in the Government's response.